## CIRCUIT COURT OF FREDERICK COUNTY

Foltz

v.

Foltz

April 2, 1984

Case No. (Chancery) 6532

### By JUDGE ROBERT K. WOLTZ

Presented in this case is the question whether the statute of limitations has run against the complainant's suit to impose a constructive trust over certain property. Other pleas of the defendant have been previously dealt with.

The bill of complaint alleges that the complainant and the defendant while wife and husband commenced in a small way an air freight delivery business to which each contributed time and money initially and as it grew rapidly and required their efforts full time. Complainant alleges the business was a partnership and that in 1974 when the parties were having marital difficulties the business was incorporated. A total of fifty shares of stock was issued, all to the defendant husband, who was also president of the corporation. Complainant was a board member and secretary of the corporation. The marital breach widened, the parties were divorced in 1980 and this suit was instituted the following year seeking imposition of a constructive trust in favor of the complainant of one-half of the stock and assets of the corporation.

Complainant's cause of action, if any, would have arisen in 1974 when the business, which she asserts was a partnership in which she was a partner, was converted into a corporation with all its shares issued to the defendant. Upon the incorporation she was an employee,

officer and director of the Corporation and presumably had knowledge of all facets of the incorporation, including issuance of all the capital stock to her then husband in his name alone. She had full factual knowledge of the circumstances at that time and if a constructive trust arose it arose at that time, that is, from its presumed inception or at the time when it could have been judicially established. *Redford v. Clarke*, 100 Va. 115 (1902); *Saum v. Coffelt*, 79 Va. 510 (1884); *Sheppard v. Turpin*, 44 Va. (3 Gratt.) 373 (1847); Anno. 55 A.L.R. 2d 220, 260 (1957).

With full knowledge of facts claimed to give rise to a constructive trust, complainant cannot on the basis of ignorance of her legal rights postpone the accrual of her cause of action. As said in *Redford, supra*, at page 122 regarding the analogous principles of laches:

> One who would repel the imputation of laches on the score of ignorance of his rights must be without fault in remaining so long in ignorance of those rights. Indolent ignorance and indifference will no more avail than will voluntary ignorance of one's rights. [Citations omitted.]

As to limitation of actions, there appears to be no such limitation between a trustee and a *cestui que trust* under an express trust. *Redford v. Clarke*, *Saum v. Coffelt*, *Sheppard v. Turpin*, *supra*, but these cases and *White v. Federal Deposit Ins. Corp.*, 122 F.2d 707 (4th Cir. 1941), are also authority that statutes of limitations do apply to constructive trusts. *See also Byars v. Stone*, 186 Va. 518 (1947).

As said in the *Redford* case concerning the use and application of statutes of limitations in equity proceedings, "Equity follows the law, and a demand that would be barred if asserted in a legal forum will be equally barred in equity." The appropriate statute of limitation in this case is the five-year limitation found in Code 8-24 (1957 Repl. Vol.) in effect in 1974, as the complainant's claim is a personal action which survives death and no other specific statute of limitations on personal actions is applicable.

Consequently, the complainant's cause of action to impress a constructive trust have accrued in 1974

would have been barred by the five-year statute of limitation in 1979, prior to institution of suit. This conclusion is consistent with the *Redford, Saum* and *White* cases cited above which applied a five-year statute of limitations to the enforcement of constructive trusts.

The defendant's plea of the statute is sustained.